IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STUART B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:21-cv-00303 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) By: Elizabeth K. Dillon |
| Commissioner, Social Security | ) United States District Judge |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stuart B. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 18, 22), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On July 11, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 24.) Plaintiff filed objections on August 3, 2021. (Dkt. No. 25.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–8.) Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe physical impairments of congestive heart failure status-post pacemaker implantation, obstructive sleep apnea, hypertension, and obesity. (Tr. 18.) The ALJ found that plaintiff's depression was non-severe, and he did not have any severe mental impairments. (Tr. 18–19.)

The ALJ concluded that plaintiff retained the residual functional capacity (RFC) to perform sedentary work except he can lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for no more than two hours in an eight-hour workday, with an option to change posture between sitting and standing every fifteen to thirty minutes briefly and in place without leaving the work station, and no walking greater than five to ten minutes at one time without interruption; occasionally push and pull; no more than frequently perform overhead reaching; never crawl or have exposures to hazardous machinery, work at unprotected heights, climbing ladders, ropes or scaffolds, or work on vibrating surfaces; and he can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. Plaintiff should avoid even moderate exposure to extreme temperatures, excess humidity, and pulmonary irritants. Any time off-task may be accommodated during normal breaks. There can be no required driving as a part of the job. Plaintiff can frequently perform activities requiring near and far acuity and field of vision. (Tr. 21.)

The ALJ determined that plaintiff is unable to perform any of his past relevant work, but he could perform jobs that exist in significant numbers in the national economy, such as assembler and addressing clerk. Thus, the ALJ determined that plaintiff was not disabled. (Tr. 29.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

**B. Stuart B.'s Objections to the R&R**

In his summary judgment brief, plaintiff argued that the ALJ's assessment of his impairments, RFC finding, and subjective allegations were not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 19.) In many if not most respects, plaintiff's objections to the R&R are a restatement of his summary judgment arguments. "As the court has stated on many occasions, it is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge . . . . Objections to the magistrate judge's R&R should be focused on errors in analysis by the magistrate judge." *Courtney T. v. Kijakazi*, Civil Action No. 7:21-cv-00024, 2022 WL 885767, at *2 (W.D. Va. Mar. 25, 2022). As is too common with objections from plaintiff's counsel, the court must again note that the majority of plaintiff's objections consist of rote recitations of claimed error without any analysis or explanation.[2] The court will, however, address the following objection.

Plaintiff argues that the R&R erred in concluding that his case is distinguishable from *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020). Plaintiff contends that the ALJ failed to address the extent to which plaintiff performed his activities of daily living and ignored other significant testimony. The magistrate judge reasoned that, unlike in *Arakas*, the ALJ did not rely on the absence of objective medical evidence and instead considered the evidence on the record and determined that plaintiff's allegations were not fully supported by the record. (R&R 14 (citing Tr. 23–27).) Plaintiff argues that the magistrate judge misstates the holding in *Arakas* because

---

[2] "The Report and Recommendation erred in concluding . . . . The Report and Recommendation erred in concluding . . . . The Report and Recommendation erred in concluding . . . . The Report and Recommendation ignored . . . ." (Pl.'s Objection 2.) "The Report and Recommendation erred in concluding . . . . The Report and Recommendation ignored . . . . The Report and Recommendation erred in concluding . . . ." (Pl.'s Objection 3.)

the court in *Arakas* held that the ALJ improperly assessed the claimant's allegations by failing to acknowledge the limited extent to which Arakas actually performed the daily activities cited to support the not disabled conclusion. "If Arakas's qualifying statements are properly considered, it becomes clear that she could perform only minimal daily activities that in no way suggested any ability to engage in full-time work on a sustained basis." *Arakas*, 983 F.3d at 101. Ultimately, plaintiff maintains that the magistrate judge "failed to acknowledge" that the ALJ did not explain how the activities she cited were inconsistent with plaintiff's allegations but consistent with the RFC findings.

In *Arakas*, the ALJ exaggerated the breadth and scope of the claimant's activities of daily living in the absence of objective medical evidence to support a finding of no disability. *See Arakas*, 983 F.3d at 97 ("Thus, while the ALJ may have considered other evidence, his opinion indicates that the lack of objective medical evidence was his chief, if not definitive, reason for discounting Arakas's complaints."). The court found that the ALJ "further erred by discrediting Arakas's subjective complaints as inconsistent with her daily activities." *Id.* at 99. The court noted "the tendency of ALJs to overstate claimants' Residual Functional Capacities and ability to work based on their daily activities." *Id.* at 101 (collecting cases). Here, the ALJ did not rely solely on plaintiff's daily activities to support her RFC finding or use them to exaggerate plaintiff's RFC. For example, the ALJ discussed the successful treatment of plaintiff's heart condition and sleep apnea. "In short, the claimant's allegations of profound functional loss from his cardiac conditions are not entirely consistent with his overall course of treatment and objective findings to date . . . . Likewise, regarding the alleged sleep apnea, records show that this condition has improved with treatment." (Tr. 24.) The ALJ cited daily activities only as corroborative support for the RFC. "Moreover, the proposed degree of limitation is inconsistent

5

with the overall evidence about the claimant's activities of daily living, such as the claimant's testimony that he continues to sing at church, as well as with his band three or four times per month, even though this could interfere with his sleep." (Tr. 27.) In short, *Arakas* does not mandate a specific way to address subjective allegations and daily living activities in all manner of cases, and the ALJ's assessment of those matters is supported by substantial evidence in the record.

## III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 24) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 25) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 22) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. No. 18) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: August 8, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge